**COMMONWEALTH of Kentucky, Appellant,**

v.

**William D. GRIFFIN, Appellee.**

**No. 86–SC–1090–DG.**

Supreme Court of Kentucky.

Oct. 27, 1988.

Frederic J. Cowan, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellant.

Thomas L. Conn, Fayette County Legal Aid, Inc., Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed Griffin's conviction for possession of stolen mail on its own initiative pursuant to RCr 10.26 because it believed the conviction was based on improper instructions.

The primary thrust of our review is in regard to the instructions rendered pursuant to KRS 514.150.

The trial court jury was instructed to find the defendant guilty of possession of stolen mail if he "knew or had reason to believe" that the mail was stolen. The Court of Appeals reviewed the alleged error under RCr 10.26 because no contemporaneous objection had been raised at trial. The Court of Appeals held that the "knew or had reason to believe" language in the instruction allowed conviction for a state-of-mind not authorized by KRS 501.030.

It is clear when reading KRS 514.150 relating to the possession of stolen mail, and KRS 514.140 relating to the theft of mail matter, that these statutes are designed to protect the owner of the mail.

The real issue is whether the use of the term "knew or had reason to believe" is an instruction which authorizes conviction under the penal code.

The instruction was proper under the wording of KRS 514.150 which reads, "knowingly or having reason to believe that the mail matter has been the subject of theft." The reliance by the Court of Appeals upon KRS 501.030, which lists culpable mental states as "intentionally, knowingly, wantonly or recklessly" is misplaced because use of the term "knew or had reason to know" is not a deviation from this rule.

The phrase "or had reason to believe" as used in the instructions is within the meaning of the statutory term "knowingly." To determine if Griffin acted knowingly, he is held to know that which any reasonable person so situated would have known. KRS 514.150 merely recites the rationale. The instructions were proper.

The Court of Appeals considered this case pursuant to RCr 10.26 as a palpable error which affects the substantial right of a party even though it was insufficiently raised or preserved for appellate review. There was no manifest injustice because there was no error. Our interpretation of the language of the statutes and the instructions in question is that "knew or had reason to believe" was an appropriate instruction.

That part of the Court of Appeals decision which reverses because of allegedly improper instruction is reversed and the entire judgment of the circuit court is reinstated.

All concur.